**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER HAILES, | ) | CASE NO. 1:24-cv-293 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| SECRETARY OF VETERANS AFFAIRS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Jennifer Hailes, proceeding *pro se*, filed this action in order to challenge the Equal Employment Opportunity Commission's ("EEOC") decision granting summary judgment in favor of the Department of Veterans Affairs (the "Agency"). (ECF No. 1). While the latter document is entitled "NOTICE OF APPEAL", it will be construed as a complaint for the reasons stated in this order. Plaintiff also filed an "Appeal for Limited Release of Information-Patient Safety" (ECF No. 3) and a "Request for Judicial Notice of Facts and Documents (F.R.E. Rule 201)" (ECF No. 5), both of which will be treated as pending motions for purposes of this order. For the following reasons, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and the pending motions are **DENIED** as **MOOT**.

**I.     BACKGROUND**

In May 2021, Plaintiff filed a formal EEO complaint alleging that Agency employees had subjected her to unlawful reprisal/retaliation for having engaged in protected EEO activity. (ECF No. 4-2, PageID #48–52). On February 2, 2024, an administrative judge issued a decision granting summary judgment in favor of the Agency after finding that Plaintiff's evidence was insufficient

to prove either of her reprisal/retaliation claims. (*Id.* at PageID #80). The administrative judge then issued an order entering judgment and closing the case. (ECF No. 4-1).

On February 15, 2024, Plaintiff initiated the instant proceeding by filing a document entitled "NOTICE OF APPEAL" in the Northern District of Ohio. (ECF No. 1). The filing states that Plaintiff is appealing the EEOC's "final judgment" granting the Agency's motion for summary judgment to the "United States District Court of Appeals for the Sixth Circuit." (*Id.* at PageID #1). Plaintiff subsequently filed a "BRIEF OF APPELLANT", which listed assignments of error and requested that the "U.S. Court of Appeals" review and overturn the administrative judge's decision. (ECF No. 4).

On February 27, 2024, Plaintiff filed a motion requesting that the Court compel the release of certain documents relating to her underlying EEOC case. (ECF No. 3). On March 25, 2024, Plaintiff filed a motion requesting that the Court take judicial notice of adjudicative facts set forth in an attached EEOC ruling. (ECF No. 5). The attached ruling was a March 21, 2024 EEOC decision that vacated the final order in a separate EEO complaint by Plaintiff against the Agency for discrimination and harassment. (ECF No. 5-1).

**II.    DISCUSSION**

Upon notice of a final agency decision, an employee may either file an appeal to the EEOC or may file a civil action in the appropriate federal district court. *See Shank v. Johanns*, No. 3:05-cv-07439, 2007 U.S. Dist. LEXIS 68514, at *11 (N.D. Ohio Sep. 17, 2007); *Windy v. United States Postal Serv.*, Civil Action No. 3:23-cv-250-RGJ, 2024 U.S. Dist. LEXIS 3528, at *7-8 (W.D. Ky. Jan. 8, 2024). If the employee elects to file a civil action, she must do so within 90 days of receiving notice of the agency's final action. 42 U.S.C. § 2000e-16(c). If the employee chooses to appeal to the EEOC, and the EEOC does not issue a decision within 180 days, the employee

may then file a complaint in district court, but if the EEOC does issue a decision, the employee has 90 days from receipt of the decision to file a complaint in district court. *See id.*; 29 C.F.R. § 1614.407(d).

Plaintiff does not appear to have either filed an appeal to the EEOC or attempted to initiate a civil action in district court. Instead, Plaintiff's actions seemingly reflect an attempt to file a direct appeal of the administrative judge's decision to the Sixth Circuit. (*See* ECF No. 1). Plaintiff filed a "Notice Appeal" and a "Brief of Appellant" that were both addressed to the "Court of Appeals" and explicitly challenged the administrative judge's decision granting summary judgment in favor of the Agency. (*See id.*; ECF No. 4). Plaintiff has also not attempted service of process on the Agency. To the extent that Plaintiff intended to file a direct appeal of the administrative judge's adverse decision to the Sixth Circuit, such an attempt is procedurally improper.[1]

The Sixth Circuit has recognized that *pro se* pleadings are liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). It is well-settled that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). In light of

---

[1] "[A]n administrative judge shall issue a decision on the [EEO] complaint, and shall order appropriate remedies and relief where discrimination is found. . . . If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . , then the decision of the administrative judge shall become the final action of the agency." 29 C.F.R. § 1614.109(i). "When an administrative judge has issued a decision . . . the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether . . . the agency will fully implement the decision . . . [,] and shall contain notice of the complainant's right to appeal to the [EEOC and] the right to file a civil suit in federal district court." *Id.* § 1614.110. The Court notes that the administrate judge's decision is not a final agency decision and the record before the Court does not demonstrate whether: (i) the Agency issued a final order and Plaintiff then filed this action; or (ii) the Agency never filed a final order and this action was prematurely filed.

Plaintiff's *pro se* status, and the indication that Plaintiff wishes to pursue her retribution/retaliation claims against the Agency, the Court elects to construe Plaintiff's "Notice of Appeal" as a complaint against the Agency.

However, "the lenient treatment afforded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 915 F.2d 108, 110 (6th Cir. 1991). The Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Plaintiff's complaint suffers from several pleading deficiencies. Under Fed. R. Civ. P. 8(a), a pleading must contain: (i) "a short and plain statement of the grounds for the court's jurisdiction"; (ii) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (iii) "a demand for relief sought." Fed. R. Civ. P. 8(a)(1)–(3). The complaint fails to satisfy any of these requirements and further lacks sufficient factual allegations to support any potentially cognizable claim. Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but she shall be afforded an opportunity to file an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's Notice of Appeal (ECF No. 1) as a complaint, **DISMISSES WITHOUT PREJUDICE** the same, and **GRANTS** Plaintiff leave to amend. Plaintiff shall have thirty (30) days from the date of this order to amend her complaint to set forth a cognizable claim for relief. Additionally, the Court reminds Plaintiff that if she chooses to re-file, she must comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure to effect proper service on the Agency. All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: May 28, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**